IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THORNETTE A. SIMPSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: SAG-22-1719 |
| DEPARTMENT OF JUVENILE SERVICES, STATE OF MARYLAND, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff Thornette A. Simpson brings this action against her former employer, the Maryland Department of Juvenile Services ("the Department"). Ms. Simpson asserts that the Department subjected her to retaliatory employment actions after she filed an administrative complaint alleging discrimination based on her race, sex, and age. ECF 20. Currently before this Court is the Department's Motion to Dismiss the Amended Complaint. ECF 14. Ms. Simpson has opposed the motion, ECF 17, and the Department has replied, ECF 18. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons explained below, the Department's motion to dismiss will be denied.

I.   **BACKGROUND**

Unless otherwise noted, the following facts are taken from the Amended Complaint, ECF 20, and are assumed to be true for the purposes of this motion. On January 15, 2020, the Department hired Ms. Simpson and promoted her less than two months later. The following summer, Ms. Simpson received a satisfactory performance evaluation. Despite her success in the position, Ms. Simpson experienced repeated hostility from her supervisor, Debbie Thornton. ECF

13-4 at 1. Ms. Simpson sent an email to the Department's Deputy Secretary (hereinafter referred to as the "informal complaint"), according to her agency's guidance. After hearing nothing back, later that same month, Ms. Simpson filed a formal complaint with Ms. Denise Bean in the Department's Fair Practices Office ("formal complaint"). *See* ECF 13-4. Ms. Simpson alleges that the workplace hostility was based on her race, sex, and age. *Id.* As described in Ms. Simpson's formal complaint, in one work meeting, Ms. Thornton stated, "Black women are the worst!" ECF 13-4 at 3. Ms. Simpson also reports that Ms. Thornton made assumptions about her stamina and her willingness to "tolerate bad behavior" based on her age. *Id.* at 4.

Following her formal complaint, Ms. Simpson alleges that her supervisor and employer "immediately retaliated" against her from October 2020 through February 2021. ECF 20 at 6. Her employer completed an investigation into her work performance, denied her a training opportunity, and fired her in February 2021, during the Covid-19 pandemic. *Id.* Ms. Simpson struggled to obtain unemployment benefits because she was reportedly fired with prejudice. *Id.*

On July 12, 2022, Ms. Simpson filed a *pro se* action through this Court's "Complaint for Employment Discrimination" form. ECF 1. The Department filed a Motion to Dismiss, ECF 11, asserting, *inter alia*, that Ms. Simpson had failed to allege discrimination due to her inclusion in a protected class. On October 17th, Ms. Simpson filed an Amended Complaint to note that the workplace hostility was based on her race, sex, and age. ECF 20 at 6. The Department has moved to dismiss this Amended Complaint. ECF 14. For the reasons explained below, Defendant's motion is denied.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir.

2017); *Goines v. Valley Cmty. Servs, Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom., McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." FED. R. CIV. PROC. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

"A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "[l]iberal construction means that the court will read the pleadings to state a valid claim to the extent that is possible to do so from the facts available; it does not mean

that the court should rewrite the complaint to include claims never presented." *Wilson v. Gray*, No. 15-0798, 2016 WL 337530, *2 (D. Md. Jan. 28, 2016).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quotations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

## III.  DISCUSSION

Title VII prohibits an employer from discriminating against "any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2. Title VII also prohibits an employer from retaliating against an employee for "participating in a Title VII proceeding or opposing an employer's discriminatory practices." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 213 (4th Cir. 2019). Specifically, 42 U.S.C. § 2000e-3 states:

> It shall be an unlawful employment practice for an employer to discriminate against any of [her or] his employees . . . because [she or] he has opposed any practice made an unlawful employment practice by [Title VII], or because [she or] he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

To state a retaliation claim under Title VII, a plaintiff must allege "that (1) the plaintiff engaged in a protected activity, . . . ; (2) the employer acted adversely against the plaintiff; and (3) the protected activity was causally connected to the employer's adverse action." *Okoli v. City of Balt.*, 648 F.3d 216, 223 (4th Cir. 2011) (internal quotation marks omitted).

It is undisputed that Ms. Simpson suffered an adverse employment action—she was terminated from her position.[1] *See Hartsell v. Duplex Products, Inc.*, 123 F.3d 766, 775 (4th Cir. 1997) (noting that termination is an adverse employment action); *see also Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 258 (4th Cir. 1998); ECF 14-1 at 10 ("The Department concedes that Plaintiff's termination constitutes an adverse employment action"). The parties dispute whether Ms. Simpson engaged in a protected activity and whether such activity caused her firing.

**A. Protected Activity**

"[I]n the context of a retaliation claim, a 'protected activity' may fall into two categories, opposition and participation." *E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005). The opposition clause provides qualified protection for a wide range of conduct. *Netter v. Barnes*, 908 F.3d 932, 937 (4th Cir. 2018). "The opposition clause has been held to encompass informal protests, such as voicing complaints to employers or using an employer's grievance procedures." *Armstrong v. Index Journal Co.*, 647 F.2d 441, 448 (4th Cir. 1981). But "for an employee's activity to constitute protected 'opposition,' she must show (1) that she reasonably

---

[1] Ms. Simpson argues that the Department's review of her performance and denial of a training opportunity also constituted adverse employment actions. As explained below, the Court need not consider whether these actions are also adverse employment actions under the statute for the purposes of the motion to dismiss.

believed that the employment action she opposed constituted a Title VII violation, and (2) that her conduct in opposition was reasonable." *Netter*, 908 F.3d at 937.

In contrast, the participation clause provides unqualified protection to a limited range of conduct. It protects "participat[ion] in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e–3(a). "Given the clear directive inherent in the phrase 'in any manner,' the clause protects participation activities even when they are plainly 'unreasonable' or 'irrelevant.'" *Netter*, 908 F.3d at 937 (quoting *Glover v. S.C. Law Enf't Div.*, 170 F.3d 411, 414 (4th Cir. 1999)).

Ms. Simpson argues that filing informal and formal complaints of workplace discrimination and harassment against her employer was protected activity. The Department argues that Ms. Simpson's informal and formal complaints of workplace hostility fall under the "opposition" provision and asserts that her informal and formal complaints failed to reasonably allege Title VII discrimination. ECF 14-1 at 6. Ms. Simpson argues that her formal complaint falls under the "participation" clause, which does not require a finding of reasonableness. ECF 17-1 at 5.

This Court agrees with the Department that Ms. Simpson's informal and formal complaints fall under the opposition clause rather than the participation clause. "Activities that constitute participation are outlined in the statute: (1) making a charge; (2) testifying; (3) assisting; or (4) participating in any manner in an investigation, proceeding, or hearing under Title VII." *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998) (citing 42 U.S.C. § 2000e-3(a)). "Participatory activities are vigorously protected to ensure employees' continuing access to the [U.S. Equal Employment Opportunity Commission ("EEOC")] and the enforcement process." *Id.*

Ms. Simpson argues that she filed her formal complaint "with a local equal employment enforcement agency," and therefore she "has made a charge" and participated "in any manner in an investigation" under Title VII.  While Ms. Simpson may be right that the filing of a formal charge with the EEOC would constitute "participation," *see E.E.O.C. v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000) (distinguishing in house investigations from formal charges with the EEOC for the purposes of determining the scope of "participation" under the statute), based on the facts provided, it does not appear that Ms. Simpson filed a formal charge with the EEOC. Rather, she filed her formal complaint with Ms. Bean, Director of the Defendant's Office of Fair Practices.  Thus, this formal complaint still constitutes an internal process and does not fall under the processes provided for by Title VII.  *See Armstrong v. Index J. Co.*, 647 F.2d 441, 448 (4th Cir. 1981) ("The opposition clause has been held to encompass . . . using an employer's grievance procedures.").

Regardless, such a characterization is not fatal to Ms. Simpson's claim.  "Complaints raised through internal company procedures are recognized as protected activity."  *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122 (4th Cir. 2021).  However, given Ms. Simpson's actions qualify as opposition, she must have reasonably believed that the complained activity constituted a Title VII violation.  *Netter v. Barnes*, 908 F.3d 932, 937 (4th Cir. 2018) (internal citations omitted).

In her Amended Complaint, Ms. Simpson states that her formal complaint described a hostile work environment based on race, sex, and age.  ECF 20 at 6.  Ms. Simpson includes the

7

complaint as an attachment to her amended complaint.[2]  In her formal complaint, Ms. Simpson describes a pattern of ongoing workplace hostility and a specific example of her supervisor stating, "Black women are the worst!" ECF 13-4 at 3.  Taken in the light most favorable to Ms. Simpson, she has provided evidence to suggest that she reasonably believed that the ongoing hostility was on account of her own race and gender.  Therefore, in filing the formal complaint with her employer, she engaged in a protected activity under Title VII.

**B. Causation**

To establish causation under Title VII, a plaintiff must establish that the alleged retaliation "would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).  "[E]stablishing a 'causal relationship' at the *prima facie* stage is not an onerous burden." *Strothers v. City of Laurel, Maryland*, 895 F.3d 317, 335 (4th Cir. 2018).  Indeed, "very little evidence of a causal connection is required to establish a *prima facie* case of retaliation." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 127 (4th Cir. 2021) (quoting *Burgess v. Bowen*, 466 F. App'x 272, 283 (4th Cir. 2012)).  "A plaintiff satisfies this burden 'by showing close temporal proximity between the statutorily

---

[2] At the motion to dismiss stage, courts generally do not consider extrinsic evidence.  It is well-recognized, however, "that the court may consider, without converting the motion to dismiss into one for summary judgment, documents attached to the complaint as exhibits, and documents attached to a motion to dismiss if the document is 'integral to the complaint and there is no dispute about the document's authenticity.'" *Reamer v. State Auto. Mut. Ins. Co.*, 556 F. Supp. 3d 544, 549 (D. Md. 2021) (quoting *Goines*, 822 F.3d at 166).  A document is "integral" where its "very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (internal quotation marks omitted) (emphasis removed).  Applying those standards, Ms. Simpson's formal complaint filed with the Department is integral to the Amended Complaint because its existence forms the basis of her retaliation claim.  No party has challenged its authenticity, and this Court accordingly deems it appropriate to consider it in adjudicating Defendant's motion, without converting the motion into a motion for summary judgment.

protected activity and the adverse employment action.'" *Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335, 1341–42 (S.D. Fla. 2014) (quoting *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir.2007). "And if there is no other evidence showing causation, the temporal proximity must be 'very close.'" *Id.*

Ms. Simpson has alleged that she undertook protected activity—filing the informal and formal complaints with her employer—in October of 2020, and that she was "immediately" investigated, denied a training opportunity, and was fired approximately four months later. ECF 20 at 6. The Department cites various cases that hold that a three-to-four-month time interval between a protected activity and a firing is insufficient to prove causation. ECF 14-1 at 12–13. However, even assuming the investigation and denial of training are not adverse employment actions under the statute, these actions present evidence of allegedly "immediate" consequences for Ms. Simpson following her complaint submission, and they further support the causal link between her complaints and her firing. Thus, by providing a temporal link and intermediary consequences between her protected activity and her firing, Ms. Simpson has sufficiently pled the causation element of her claim.

**IV.  CONCLUSION**

For the reasons stated above, the Department's motion to dismiss, ECF 14, is denied. A separate Order follows.

Dated: December 7, 2022                              /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge